# In the United States Court of Federal Claims

No. 18-606C

(Filed:  July 24, 2019)

| | |
|---|---|
| CYNTHIA ROSEBERRY-ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Motion to Dismiss; Lack of Subject-Matter Jurisdiction; RCFC 12(b)(1); Military Whistleblower Protection Act; 10 U.S.C. § 1034 (2012); Administrative Procedure Act; 5 U.S.C. § 702 (2012); Statute of Limitation; 28 U.S.C. § 2501 (2012).

Cynthia L. Roseberry-Andrews, North Beach, MD, pro se.

Daniel K. Greene, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

Before the court is defendant's motion to dismiss plaintiff's transfer complaint (complaint) for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), or in the alternative, to dismiss plaintiff's complaint for failure to state a claim, pursuant to RCFC 12(b)(6).  See ECF No. 9.  In evaluating defendant's motion, the court considered:  (1) the record transferred from the United States District Court for the District of Columbia, ECF No. 1; (2) plaintiff's complaint, ECF No. 8; (3) defendant's motion to dismiss, ECF No. 9; (4) plaintiff's response, ECF No. 13;[1] and (5) defendant's reply, ECF No. 14.  For the

---

[1]     Plaintiff combined a motion for summary judgment with her response to defendant's motion to dismiss.  See ECF No. 9.  The court suspended briefing of

following reasons, defendant's motion to dismiss, pursuant to RCFC 12(b)(1), is
**GRANTED**.

I.    Background

Plaintiff served in the United States Air Force, achieving the rank of Senior Master
Sergeant. See ECF No. 8 at 1. In her complaint, she seeks the court's review of four
decisions issued by the Air Force Board for Correction of Military Records (Board),
which were issued on March 23, 2009, January 18, 2011,[2] October 23, 2012, and January
2, 2013. See id. Plaintiff filed her initial complaint in the United States District Court for
the District of Columbia, on October 15, 2015. See ECF No. 1-3; see also ECF No. 1-1
at 6.[3] On February 22, 2018, the District Court transferred the case to this court. See
ECF No. 1-1.

Plaintiff alleges that this court has jurisdiction pursuant to the Tucker Act, 28
U.S.C. § 1491 (2012), and the Military Whistleblower Protection Act, 10 U.S.C. § 1034
(2012). See ECF No. 8 at 3. She also suggests that the Administrative Procedure Act, 5
U.S.C. § 702 (2012), authorizes this court's review of her case. See id. Plaintiff further
alleges that her complaint falls within the court's six-year statute of limitation, pursuant
to 28 U.S.C. § 2501 (2012), because the challenged decision was issued on October 23,
2012, and she filed her district court complaint on October 15, 2015.[4] See id.

In the complaint, plaintiff provides a detailed account of various instances in
which the Air Force allegedly acted improperly or treated her unfairly. See ECF No. 8 at

---

plaintiff's motion for summary judgment until after the resolution of the motion to
dismiss. See ECF No. 16 (order suspending defendant's response deadline).

[2]    In the introduction to the complaint, plaintiff includes January 2, 2011, rather than
January 18, 2011, as a Board decision date. See ECF No. 8 at 1. The court has corrected
the date to January 18, 2011, because the Board issued its first reconsideration decision at
that time, and the allegations do not otherwise refer to any decision dated January 2,
2011. As such, the January 2, 2011 date appears to be a typographical error.

[3]    The District Court docket, ECF No. 1-2, reflects a filing date for the complaint of
November 25, 2015. See id. at 1-2. The complaint itself, however, bears a stamp
indicating the filing was received on October 15, 2015, see ECF No. 1-3, and the District
Court's transfer decision states that the complaint was filed on October 15, 2015, see
ECF No. 1-1 at 6.

[4]    Plaintiff states that her district court complaint was filed on October 9, 2015, see
ECF No. 8 at 3, but as previously noted, the complaint was considered filed by the
district court on October 15, 2015.

4-15. All of the factual allegations in this section of the complaint occurred on or before April 1, 2009. See id. The remainder of the complaint outlines the procedural history of grievances plaintiff filed with the Board, which relate to the alleged improper or unfair conduct described earlier in the complaint. There are four relevant exchanges:

> 1.  Plaintiff filed her first petition with the Board on November 29, 2007, see id. at 15, and the Board issued its decision on March 23, 2009, see id. at 16.

> 2.  Plaintiff then filed a petition for reconsideration of the March 23, 2009 decision on May 29, 2009. See id. at 18. The Board denied her request on January 18, 2011. See id. at 20.

> 3.  Thereafter, plaintiff filed a second petition for reconsideration, which was denied on October 23, 2012. See id. at 23.

> 4.  Finally, on January 2, 2013, plaintiff, through an attorney, sent a letter to the Board director seeking reconsideration and review of "all previous decisions," and alleging that the Air Force had withheld "103 pages of evidence from the previous Boards." Id. at 28. The director "denied that any evidence was withheld" and "denied all relief." Id.

In the complaint before this court, plaintiff alleges that the Board's initial and reconsideration decisions "were arbitrary, capricious, unsupported by substantial evidence and/or contrary to applicable law or regulation." See id. at 29. She includes a detailed list of the relief to which she believes she is entitled. See id. at 29-31.

II.    Legal Standards

A.    Pro Se Litigants

The court acknowledges that plaintiff is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and plaintiff's response thoroughly to discern all of plaintiff's claims and legal arguments.

B.    Motion to Dismiss Pursuant to RCFC 12(b)(1)

Pursuant to the Tucker Act, the court has jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or

any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  To invoke the court's jurisdiction, plaintiff must show that her claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."  United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).  See also Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (stating that to fall within the scope of the Tucker Act "a plaintiff must identify a separate source of substantive law that creates the right to money damages").

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  To determine whether plaintiff has carried this burden, the court must accept "as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).  If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint.  See RCFC 12(h)(3).

III.   Analysis

In its motion to dismiss, defendant argues that plaintiff has failed to establish this court's jurisdiction for two reasons.  First, plaintiff has failed to identify a money-mandating statute as a basis for the court's jurisdiction.  See ECF No. 9 at 7-9.  And second, all of the alleged conduct falls outside this court's six-year statute of limitation period.  Id.  The court agrees on both points.

As noted above, plaintiff identifies three statutes with regard to this court's jurisdiction in her complaint—the Tucker Act, 28 U.S.C. § 1491, the Military Whistleblower Protection Act, 10 U.S.C. § 1034, and the Administrative Procedure Act, 5 U.S.C. § 702.  See ECF No. 8 at 3.  None of these statutes is money-mandating.  See, e.g., Testan, 424 U.S. at 398 (stating that the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages"); Bias v. United States, 722 F. App'x 1009, 1014 (Fed. Cir. 2018) (collecting cases and explaining that the Military Whistleblower Protection Act does not establish a private cause of action for money damages); Martinez v. United States, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (stating that the Administrative Procedure Act is not money-mandating).  Plaintiff, therefore, has failed to carry her burden to establish the court's jurisdiction.

Even assuming, however, that plaintiff could sufficiently allege a right to monetary damages, she cannot overcome the applicable statute of limitation.  "Every

4

claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501.  In her complaint, plaintiff identifies the date of accrual as October 23, 2012, the date on which "[t]he Board issued its final decision." ECF No. 8 at 3.  And in her response to defendant's motion to dismiss, plaintiff identifies the accrual date as January 2, 2013, the date on which her attorney sent a letter to the Board's director.  See ECF No. 8 at 28; ECF No. 13 at 3.

As defendant argues, however, the accrual date is determined in reference to the facts underlying the Board's decision, not the decision itself.

> A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.

Martinez, 333 F.3d at 1303 (citations omitted).  Here, all of the factual allegations of improper or unfair conduct in plaintiff's complaint occurred on or before April 1, 2009.  See ECF No. 8 at 4-15.  Because April 1, 2009, is more than six years prior to October 15, 2015, the date on which plaintiff filed her complaint in the District Court, her claims are barred by the statute of limitation.

In her response to defendant's motion, plaintiff argues against a strict application of the statute of limitation, in part, because the Board review process "included at least two years where the [Board] did nothing" with her case. ECF No. 13 at 3.  She also contends that the statute of limitation should be tolled during the pendency of her various requests for reconsideration.  See id.  The Federal Circuit has held that correction boards provide "a permissive administrative remedy and that an application to a correction board is therefore not a mandatory prerequisite to filing a Tucker Act suit."  Martinez, 333 F.3d at 1304.  And "[a]s a corollary of that rule, . . . a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy."  Id.  Put another way:

> because a correction board decision merely addresses the underlying military determination, the decision does not create a separate cause of action from which a plaintiff may file suit within six years in the Court of Federal Claims; rather, the claimant's cause of action is only with respect to the underlying challenged decision by the military.

Lynch v. United States, 135 Fed. Cl. 494, 500 (2017).  Because § 2501 "creates a jurisdictional condition precedent for suit in the Court of Federal Claims," plaintiff's

arguments are unavailing.[5] See John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1355 (Fed. Cir. 2006), aff'd, 552 U.S. 130 (2008).

IV.    Conclusion

For the foregoing reasons, the court lacks jurisdiction to consider plaintiff's complaint, and defendant's motion to dismiss, ECF No. 9, is **GRANTED**.  In addition, plaintiff's motion for summary judgment, ECF No. 13, is **DENIED** as moot.  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH,
Judge

---

[5]    Plaintiff suggests that the statute of limitation was tolled, pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3936(a) (Supp. III 2015), during the time she was on active duty.  See ECF No. 13 at 3.  The parties disagree as to when plaintiff's active duty ended.  According to defendant, plaintiff's "last period of active duty ended in 2007," ECF No. 9 at 7 n.4, but according to plaintiff, her active duty period "extended until 31 March 2009," ECF No. 13 at 3.  Even accepting plaintiff's position, any tolling of the statute of limitation would have ended on April 1, 2009—which remains outside the six-year statutory period—and is therefore irrelevant to the court's analysis.